**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KEOKA P. JENKINS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 24-2607** |
| | * | |
| **WINN-DIXIE MONTGOMERY, LLC ET AL.** | * | **SECTION L(3)** |

## ORDER & REASONS

Before the Court is a Motion to Remand filed by Plaintiff Keoka Jenkins. R. Doc. 5. Defendant Winn-Dixie Montgomery, LLC ("WDM") opposes the motion. R. Doc. 6. After considering the record, briefing, and applicable law, the Court now rules as follows.

### I.    BACKGROUND

Plaintiff alleges that on August 3, 2023, she was shopping at a Winn-Dixie Store in New Orleans, Louisiana when she fell "after slipping in a foreign liquid on the floor" of the property. R. Doc. 1-2 at 2. Plaintiff later filed a personal injury action in state court against Winn-Dixie Montgomery, LLC ("WDM") and Mike Piazza ("Piazza"), who she alleges was the manager of the store at the time of her injury. *Id.* at 1. In her petition, Plaintiff avers that her injuries were caused, at least in part, by Piazza's negligence because he "failed to properly and safely inspect, maintain and clean the floors so as to prevent an unreasonable risk of harm . . . to plaintiff." *Id.* at 3. Plaintiff avers that Piazza was "aware of the liquid substance on the floor" before she fell and "neglectfully failed to warn customers specifically, [Plaintiff]." *Id.* at 4. On November 5, 2024, WDM removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. R. Doc. 1. WDM asserts that the amount in controversy requirement is satisfied based on the Plaintiff's allegations in the petition. *Id.* at 5. With respect to diversity of citizenship, WDM asserts that there is complete diversity because Plaintiff is a citizen of Texas; WDM is a citizen of

Florida; and the citizenship of Piazza (Louisiana) must be ignored because he is an improperly joined Defendant.

## II.    PRESENT MOTION

Plaintiff moves to remand to state court. R. Doc. 5-1. While she acknowledges there is complete diversity between all the parties, she notes that Defendant Piazza is a citizen of Louisiana, which makes removal improper given a lawsuit based on diversity jurisdiction may not be removed if any properly joined defendant is a citizen of the forum state. *Id.* Plaintiff argues that WDM's assertion of improper joinder in its Notice of Removal is unfounded and that Piazza's citizenship must be considered in the removal analysis. *Id.* at 3. More specifically, she contends that WDM failed to demonstrate in its Notice of Removal that Plaintiff cannot establish a cause of action against Piazza. *Id.* at 4. She explains that her cause of action arises out of Piazza's breach of his duties to inspect and maintain the floors, as well as his actual knowledge of the liquid on the property's floor which caused Plaintiff to fall *Id.* at 6. Additionally, Plaintiff notes that WDM removed this case before there was an opportunity for discovery and that Plaintiff's complaint sufficiently contains allegations recognized to establish a cause of action under Louisiana law. *Id.* at 15.

In opposition, WDM reasserts its argument that Piazza was improperly joined in this lawsuit to destroy diversity jurisdiction on the basis of the defendant-forum state exception. R. Doc. 6. WDM argues that Plaintiff's petition merely sets forth "generalized allegations regarding the bare-bones employment duties of a manger." *Id.* at 2. It maintains such allegations are insufficient to state a valid claim against Piazza because Plaintiff must show that Piazza had a "personal responsibility" to her and breached that duty in order to impose liability under Louisiana law. *Id.* at 4. Moreover, WDM argues that Plaintiff has not alleged Piazza committed any specific

personal negligent acts which caused her damages. *Id.* at 6. WDM thus requests this Court to find

it has jurisdiction and deny Plaintiff's request for remand. *Id.* at 9-10.

### III.   APPLICABLE LAW

A defendant may remove "any civil action brought in a State court of which the district

courts of the United States have original jurisdiction . . . to the district court of the United States

for the district and division embracing the place where such action is pending." 28 U.S.C. §

1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must

be between "citizens of different States" and the amount in controversy must exceed the "sum or

value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). A civil action that

is otherwise removable based on diversity jurisdiction under § 1332(a), "may not be removed if

any of the parties in interest properly joined and served as defendants is a citizen of the State in

which such action is brought." 28 U.S.C. § 1441(b)(2). Subject matter jurisdiction must exist at

the time of removal to federal court and be based on the facts and allegations contained in the

complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.

1998) ("jurisdictional facts must be judged as of the time the complaint is filed . . ."). "Federal

courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution

and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins.

Co. of America*, 511 U.S. 375, 377 (1994)). Thus, remand is proper if at any time the court lacks

subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The Fifth Circuit has explained that the

removal statute should be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276

F.3d 720, 723 (5th Cir. 2002). The removing party has the burden of proving federal diversity

jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Any doubt

concerning the basis of jurisdiction should be resolved in favor of remand. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

The party seeking removal based on improper joinder of a forum defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Joinder is improper if the defendant can establish: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 647. WDM has not alleged actual fraud in Plaintiff's pleading of jurisdictional facts, so the Court will only consider the latter test for improper joinder. In that situation, the test for improper joinder is whether there is a reasonable basis that state law would allow for recovery against the forum defendant, not a mere theoretical possibility that the claim could be successful. *Id.* at 648. To determine if a plaintiff's complaint adequately states a reasonable basis for recovery, courts generally apply a Rule 12(b)(6) type analysis. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In most cases, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*

If a court determines that the forum party has been improperly joined under a Rule 12(b)(6)-type analysis, that party must be dismissed without prejudice. *Id.* at 209. This dismissal is based on lack of subject matter jurisdiction and does not operate as an adjudication on the merits. *Id.* at 210. When applying the Rule 12(b)(6)-type test for improper joinder inquiries, a federal court reads the original state court pleading through the lens of the federal pleading standards and must determine whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 203; *Int'l Energy Ventures*, 818 F.3d 193, 200 (5th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the Court to "draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

IV.    ANALYSIS

WDM argues that Piazza has been improperly joined in this case because Plaintiff has no possible cause of action against him under Louisiana law. An employee may not be personally liable "simply because of his general administrative responsibility for performance of some function of the employment." *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973). However, both Louisiana courts and the Fifth Circuit have found an individual employee liable to a third party for damages under the four-prong test articulated in *Canter* when: (1) the employer owes a duty of care to the plaintiff; (2) the employer delegates the duty to the employee; (3) the employee has breached the duty of care through personal fault; and (4) the employee has a personal duty towards the plaintiff, and the breach of that duty caused the plaintiff's damages. *Id.* at 721; *see also Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x. 911, 916 (5th Cir. 2009) ("*Canter*'s four-part test is used to determine whether an employee is individually liable to third persons. . . .") (quoting *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 386 (5th Cir. 2009)). Thus, the central inquiry in the Court's analysis is whether Plaintiff has stated a legitimate claim against Piazza in light of *Canter* and its progeny.

Here, it appears WDM takes issue with the fourth element of the jurisprudential test outlined in *Canter*, arguing that Piazza did not have a personal responsibility to Plaintiff nor did he breach a personal duty owed to her. Instead, it contends that Piazza's duties and his alleged

negligence in carrying out those duties arose from his "general administrative responsibilities" as an employee and manager for Winn Dixie. While the Court agrees that Plaintiff's generic assertions, such as Piazza's failure "to properly and safely inspect, maintain and clean the floor," seem to fall short of a personal duty, WDM's argument ultimately fails due to one crucial allegation made in the petition. Plaintiff has specifically alleged that Piazza was "aware of the liquid substance on the floor," and he failed to warn the Plaintiff. This Court and other sections have held that similar allegations to the one made here regarding an employee's personal knowledge of an alleged defect were sufficient to state a claim against an employee-supervisor. *See, e.g.*, *Garnett v. ABC Ins. Co.*, No. CV 24-2111, 2024 WL 4953539, at *3 (E.D. La. Dec. 3, 2024); *Creppel v. Apache Corp.*, 2004 WL 1920932 at *3-4 (E.D. La. Aug. 25, 2004) ("Thus, even if [defendant's] responsibility . . . were delegated to others, and he acted as a general administrator, he could still be liable for plaintiffs' injuries if he had personal knowledge of the danger and failed to cure the risk of harm."); *Hayden v. Phillips Petroleum Co.*, 788 F. Supp. 285, 287 (E.D. La. 1992) (finding that an employee's alleged personal knowledge of a dangerous pipeline could give rise to a personal duty under *Canter*); *Amaya v. Holiday Inn New Orleans*, 2011 WL 4344591 at *2 (E.D. La. Sept. 15, 2011) ("An employee who has personal knowledge of a danger and fails to cure the risk of harm may be liable for a plaintiff's injuries under *Canter*."). Even the Fifth Circuit has reached the same conclusion when addressing this issue. *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994) (noting that a supervisor's knowledge of a risk of harm and failure to respond to the risk could create personal liability under *Canter*). Although some courts have dismissed store managers under somewhat similar facts, any ambiguity in the controlling state law must be resolved in favor of Plaintiff. *See Travis*, 326 F.3d at 649.

Accordingly, the Court finds that Plaintiff has stated a viable claim against Piazza, and that he is a proper party to this lawsuit. As such, this Court does not have jurisdiction because Piazza is a citizen of Louisiana, the forum of this civil action, making removal improper. The Court thus remands this case back to state court for further proceedings.

V.      **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff Keoka Jenkins's Motion to Remand, R. Doc. 5, is **GRANTED.** This case is remanded back to the Orleans Parish Civil District Court for further proceedings.

New Orleans, Louisiana, this 27th day of February, 2025.

_____
United States District Judge